1

2

3

4

5              **UNITED STATES DISTRICT COURT**

6             **SOUTHERN DISTRICT OF CALIFORNIA**

7

8   JOSEPH SHORTAL; JOHN                    CASE NO. 12cv2845 WQH (NLS)
    STAMATIS; PAUL BARDEN;
9   KENNETH VAUGHAN; MICHAEL                **ORDER**
    SIMON,
10
                          Plaintiffs,
11        vs.

12  HESSGEN, INC.; BRIAN HESS;
    ANDY MILLS; DOES 1-10, inclusive,
13
                          Defendants.
14

15  HESSGEN, INC.; BRIAN HESS,

16                  Cross Claimants,
          vs.
17
    JACK MOTT; ANDY MILLS; ROES 1-
18  10, inclusive,

19                  Cross Defendants.

20  ANDY MILLS,

21                  Cross Claimant,
          vs.
22
    GEORGE MALASEK; DAVID
23  RUTKOSKE; BRIAN HESS;
    HESSGEN, INC.; JACK MOTT,
24
                  Cross Defendants.
25
    HAYES, Judge:
26
          The matter before the Court is the Motion to Withdraw as Attorney of Record for
27
    Defendants/Cross-Complainants/Cross-Defendants  Hessgen,  Inc.  and  Brian  Hess
28
    ("Motion to Withdraw") filed by the La Jolla Law Group ("LJLG").  (ECF No. 40).

                                    - 1 -                    12cv2845 WQH (NLS)

On June 11, 2013, LJLG filed a motion to withdraw as counsel of record for Hessgen, Inc. and Brian Hess "on the grounds that, despite extensive attempts over the last several weeks, LJLG has been unable and continues to be unable to adequately communicate with [Hessgen, Inc. and Brian Hess], severely prejudicing LJLG's ability to defend the allegations of the Complaint and Cross-Complaint ..., as well as prosecute [Hessgen, Inc. and Brian Hess'] Cross-Complaint." (ECF No. 40 at 2). The motion also asserts that Hessgen, Inc. and Brian Hess have breached their fee agreement with LJLG by failing to pay for services rendered and costs incurred in this action. *See id.*

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Irwin v. Mascott*, 2004 U.S. Dist. LEXIS 28264, at *4 (N.D. Cal. December 1, 2004) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). Among other things, courts ruling upon motions to withdraw as counsel have considered the following factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Irwin*, 2004 U.S. Dist. LEXIS 28264, at *4.

In the Southern District of California, Local Civil Rule 83.3(g)(3) provides: "A notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client.... A declaration pertaining to such service must be filed. Failure to make service as required by this section or to file the required declaration of service will result in a denial of the motion." Civ. L.R. 83.3(g)(3). Local Civil Rule 83.4(b) requires counsel to "comply with the standards of professional conduct required of members of the State Bar of California," and states that "[t]his specification will not be interpreted to be exhaustive of the standards of conduct." Civ. L.R. 83.4(b).

California Rule of Professional Conduct 3-700 provides:

(A) In General

(1) If permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission.

(2) A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, ... and complying with applicable laws and rules....

(C) Permissive Withdrawal

[A] member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:

(1) The client ...  renders it unreasonably difficult for the member to carry out the employment effectively, or ... breaches an agreement or obligation to the member as to expenses or fees....

Rules Prof. Conduct, rule 3–700.

LJLG submits the declaration of its attorney of record in this case, Kent L. Sharp, who states:

This Motion is necessary due to me and my staff's inability to communicate with our clients, the HESSGEN parties.

HESS responded to one of my multiple attempts to contact him and on April 29, 2013, I met with HESS to discuss the above-stated issues regarding his failure to communicate regarding the instant litigation. As said meeting, I advised HESS that should he continue to not timely respond to emails and telephone calls from my office, as well as pay his outstanding invoice for services performed and costs expended on his behalf by Wednesday, May 15, 2013, then LJLG would have no choice but to withdraw as his and HESSGEN, INC.'s counsel of record.

After not responding to additional emails I sent him or returning further telephone calls, and after not paying the outstanding invoice as HESS agreed at the meeting he had with me on April 29, 2013, I sent final correspondence to HESS on May 22, 2013, ... advis[ing] HESS that LJLG would be withdrawing as the HESSGEN parties' counsel of record....

As of the date of filing this Motion, HESS has failed to respond to emails sent to him by me or LJLG's Paralegal, Stacie Rammelsberg, regarding status of the foregoing and has failed to pay the outstanding invoice due and owing to LJLG....

Pursuant to Local Civil Rule 83.3(g)(3), I have caused the instant Motion to be served on the HESSGEN parties via U.S. Mail and via email to BRIAN HESS's last known address and current email address....

1    I have also served all parties to this action with this Motion via the Court's
2    electronic service as required by Local Civil Rule 83.3(g)(3), and have
     served *pro per* defendant David Rutkoske via U.S. Mail.

3    (ECF No. 40-2 at 2-4).

4          Based upon this record, the Court finds that LJLG and Sharp have complied with

5    the relevant rules of professional conduct.  The Court concludes that good cause exists

6    to permit withdrawal. The Motion to Withdraw (ECF No. 40) is **GRANTED**.  Within

7    **ten (10) days of the date of this Order**, LJLG shall serve a copy of this Order on Brian

8    Hess and Hessgen, Inc, and file a certificate of that service with the Court.  *See* Fed. R.

9    Civ. P. 5.

10         **Within sixty (60) days of the date of this Order**, Brian Hess shall notify the

11   Court as to whether he will proceed *pro se* or retain new counsel.  Pursuant to Local

12   Civil Rule 83.3(k) and federal common law, "[c]orporations and other unincorporated

13   associations must appear in court through an attorney."  *D-Beam Ltd. P'ship v. Roller*

14   *Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004); *see also United States v. High*

15   *Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993).  Accordingly, Hessgen, Inc. is

16   **HEREBY NOTIFIED** that it has **sixty (60) days from the date this Order is filed** to

17   obtain new counsel and have counsel file a notice of appearance.  Hessgen, Inc. is also

18   notified that if it fails to obtain new counsel and have counsel file a notice of

19   appearance, it may be subject to default proceedings. *See High Country Broadcasting*,

20   3 F.3d at 1245.

21         **IT IS SO ORDERED.**

22   DATED:  June 20, 2013

23                                              *William Q. Hayes*

24                                    **WILLIAM Q. HAYES**
                                      United States District Judge

25

26

27

28