# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SHORTAL; JOHN STAMATIS; PAUL BARDEN; KENNETH VAUGHAN; MICHAEL SIMON,<br><br>                      Plaintiffs,<br>vs.<br>HESSGEN, INC.; BRIAN HESS; ANDY MILLS; DOES 1-10, inclusive,<br><br>                      Defendants. | CASE NO. 12cv2845 WQH (NLS)<br><br>**ORDER** |
| HESSGEN, INC.; BRIAN HESS,<br><br>                      Cross Claimants,<br>vs.<br>JACK MOTT; ANDY MILLS; ROES 1-10, inclusive,<br><br>                      Cross Defendants. | |
| ANDY MILLS,<br><br>                      Cross Claimant,<br>vs.<br>GEORGE MALASEK; DAVID RUTKOSKE; BRIAN HESS; HESSGEN, INC.; JACK MOTT,<br><br>                      Cross Defendants. | |

HAYES, Judge:

      The matter before the Court is the Motion for Entry of Default on the Complaint Against Defendants Hessgen, Inc. and Brian Hess filed by Plaintiffs Joseph Shortal, John Stamatis, Paul Barden, Kenneth Vaughan, and Michael Simon. (ECF No. 53).

      Federal Rule of Civil Procedure 55(a) provides that, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiffs have directed their request for entry of default to the Court, instead of the

Clerk. "Normally, the clerk of the court will enter default without any action being taken by the court." *In re Bradford*, No. C 12-5999 SBA, 2013 WL 2443259, at *2 (N.D. Cal. June 4, 2013) (citing Fed. R. Civ. P. 55(a)). "However, a default may also be entered by a court." *Id.* (citing *See In re Burchell Enterprises, Inc.*, No. 04-5193SBA, 2005 WL 1154302, at *1 (N.D. Cal. May 16, 2005)).

On June 20, 2013, the Court issued an Order permitting counsel for Defendants Hessgen, Inc. and Brian Hess to withdraw. (ECF No. 41 at 4). The Court ordered that Brian Hess shall "notify the Court as to whether he will proceed *pro se* or retain new counsel" within 60 days of the date of the Order. *Id.* The Order notified Defendant Hessgen, Inc. that it had 60 days to obtain new counsel and have counsel file a notice of appearance. The Order warned that "if [Hessgen, Inc.] fails to obtain new counsel and have counsel file a notice of appearance, it may be subject to default proceedings." *Id.* (citing *United States v. High Country Broad.*, 3 F.3d 1244, 1245 (9th Cir. 1993)).

## I. Defendant Brian Hess

Defendant Brian Hess has not notified the Court as to whether he will proceed *pro se* or retain new counsel. Within **sixty (60) days of the date of this Order**, Brian Hess shall notify the Court as to why he did not comply with the Court's June 20, 2013 Order, and as to whether he will proceed *pro se* or retain new counsel. If Brian Hess fails to notify the Court within **sixty (60) days of the date of this Order**, he may be subject to default proceedings.

## II. Defendant Hessgen, Inc.

Defendant Hessgen, Inc. has not had new counsel file a notice of appearance. The Court finds that Defendant Hessgen Inc.'s failure to retain new counsel in violation of the Court's June 20, 2013 Order justifies entry of default under Rule 55(a). By failing to maintain representation by counsel, Defendant has failed to "otherwise defend" in this action. *See Hawkins v. AMA Mgmt, Ltd.*, No. C06-847P, 2007 WL 869955 at *2-3 (March 20, 2007) (ordering that "default be entered against [d]efendant ... for failure to retain counsel after withdrawal of its counsel of record" as failure to

"otherwise defend" under Rule 55(a)); *see also Empl. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) ("[W]e have recognized default as a permissible sanction for failure to comply with local rules requiring representation by counsel."). The Court **ORDERS** that default be entered against Defendant Hessgen, Inc. under Rule 55(a).

### III.  Conclusion

**IT IS HEREBY ORDERED** that the Motion for Entry of Default on the Complaint Against Defendants Hessgen, Inc. and Brian Hess filed by Plaintiffs Joseph Shortal, John Stamatis, Paul Barden, Kenneth Vaughan, and Michael Simon (ECF No. 53) is **DENIED** without prejudice as to Defendant Brian Hess, and **GRANTED** as to Defendant Hessgen, Inc.

The Clerk of Court shall serve this Order on Defendants Brian Hess and Hessgen, Inc. at the below addresses, which are the addresses provided by Defendants' former counsel of record, Stacie L. Rammelsberg (*see* ECF No. 42):

Brian Hess
Hessgen, Inc.
5171 Santa Fe St., #I
San Diego, CA 92109
Email: brian@hessgen.com

Hessgen, Inc.
5171  Santa Fe St., #I
San Diego, CA 92109
Email: brian@hessgen.com

IT IS SO ORDERED.

DATED:  October 15, 2013

**WILLIAM Q. HAYES**
United States District Judge